## CUNDIFF v F. W. WOOLWORTH CO

Ohio Appeals, 9th Dist, Summit Co

No 2945. Decided Jan. 21, 1938

John McIntosh, Akron, for appellant.
Waters, Andress, Wise Roetzel & Maxon, Apron, for appellee.

### OPINION

By DOYLE, J.

Suit was filed in the Court of Common Pleas of Summit county by the appellant, Mattye May Cundiff, against the F. W. Woolworth Co., appellee. She asserted in her petition that on April 18, 1936, she purchased, at the appellee's store, a small jar of "Golden Peacock Bleach Creme," which it offered for sale to its patrons, and applied it to her face in accordance with instructions in the package. After two applications, she discovered an inflamed condition of that part of her skin which had been covered by the "creme", and subsequent medical examination and treatment of the inflamed area revealed a secondary burn, and other damage to her constitution. The "creme", she asserted, contained mercuric chloride, which, she also asserted, is a strong caustic and dangerous poison. It was purchased by her for facial application because of the instructions that it was "a basic skin clarifier."

The action is predicated upon the following claimed acts of negligence of the appellee: first, that "no warning of any danger from poisonous ingredi-

ents attendant to the use of said 'creme'," or "that the creme contained the salt of mercury," was given her, and second, that no inquiry was made by defendant "to learn if plaintiff was aware of the poisonous character of said creme," or to learn "the purpose for which it was desired and purchased."

She further alleged that the package did not have a label "for external use only"; that it did not contain any information that the "creme" contained any poisonous substance; that there was no information on the subject of antidotes; and that the provisions of law regulating the sale of poisons and the salt of mercury were not complied with.

· The petition concluded with the following allegation: "Plaintiff states that the sale of said poisonous creme to the plaintiff as related herein, the manner in which it was made and the acts and conduct of the defendant in making the sale as related and set forth herein, were negligent, careless and unlawful acts and conduct on the part of the defendant toward the plaintiff and that said negligent, careless and unlawful acts and conduct of the defendant are the direct and proximate cause of said injuries to the plaintiff recited herein, and of the damages resulting therefrom, and plaintiff says that such damages amount to the sum of * * * dollars."

Issues were joined by the answer of the appellee and the reply of the appellant. Trial was held in the Court of Common Pleas before a jury, and at the conclusion of the appellant's evidence the court sustained the motion of the appellee for a directed verdict in its favor, and thereafter judgment was rendered in favor of appellee upon the verdict as returned.

The appeal to this court is upon questions of law.

The evidence presented by the appellant was, briefly, that on April 18, 1936, she entered appellee's retail store at 986 E. Market St., Akron, Ohio, picked up, from a counter, a jar of "Golden Peacock Bleach Creme," said to the clerk "I'll take this," paid for it and left. Nothing further was said by the appellant nor by any of the employees of the appellee. The jar was sealed and was contained in a square cardboard box which was also sealed, and which carried in bold print the trade name of the "creme" and on the bottom thereof the following: "A basic skin clarifier. Whitens skin—removes freckles. The whitening, clarifying effect of Golden Peacock Bleach Creme starts the moment it touches the skin. Freckles, skin-darkness, tan, liver-spots, blackheads and other skin imperfections vanish amazingly. No tiresome rubbing or massaging. 10c and $1.00. Golden Peacock, Inc., Paris, Tenn. Printed in U.S.A."

On a flap inside of the box was printed the following instruction: "Golden Peacock Bleach Creme is different from any cosmetic you have ever used. Be sure to read directions carefully. Results will amaze you."

Appellant testified that she "wouldn't swear" that a printed paper of instructions for the use of the creme was not in the box, but that she "didn't notice" one. She read only the directions on the outside of the box.

After the purchase from the retailer, the appellant took it home, opened the jar, and applied the "creme" to her face on two successive nights. The day following the last application she discovered that it had injured her. Medical treatment revealed that she was suffering from a secondary burn. She later took the contents of the jar to a chemist, who discovered, upon analysis, that it contained bichloride of mercury, a corrosive substance.

It is clear from the petition that the cause of action which was asserted was an action in tort; and, as such, was taken from the jury. Whether a cause of action ex contractu could have been asserted, based upon a violation of the sales code, need not be considered. Suffice it to say that in this case there was only pleaded common law negligence, and negligence based upon a statutory violation.

It is generally held, and this court

holds, that, where a retail dealer sells to a customer merchandise in an original, sealed package (in  which it was packed and shipped by the manufacturer to the said retail dealer) and under a trade name, no charge of negligence can be predicated against the retailer for a failure on its part to disclose, to a customer, facts of which it had no knowledge; especially is this true where the purchase is made upon the sole representation of the manufacturer that the article is useful for certain purposes and it is purchased for such purpose.

The further claim that the appellee violated the statutory law and is therefore negligent, is sustained by no evidence in the record.

Examination has been made of other claimed errors, and we find none prejudicial to the rights of the appellant.

Judgment affirmed.

STEVENS, PJ, and WASHBURN, J, concur.